

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-18,467-03

### EX PARTE ARTURO DELGADILLO, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 16-8200-W1 IN THE 278TH DISTRICT COURT
### FROM MADISON COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault as a habitual felon and sentenced to twenty-five years' imprisonment. The sentence was cumulated with a fifteen year sentence Applicant was already serving in prison.

Applicant contends that he is being denied proper time-credit on his twenty-five year sentence due to an incorrect sentence begin date. The case was remanded to obtain an affidavit from prison officials addressing Applicant's claims. The habeas record has been supplemented with the affidavit, and the trial court has entered findings of fact and conclusions of law.

The trial court finds: "The [Trial] Court found one enhancement Count 'true', made no finding on the second enhancement Count and made no affirmative finding on 'deadly weapon' making the range of punishment two (2) years to twenty (20) years. The sentence of twenty-five (25) years was not available to the Judge." This finding is not correct. It is true that the judgment does not indicate findings were made on both enhancement allegations, to which Applicant had pled not true. However, a transcription of the trial and sentencing is in Applicant's -01 habeas record. Counsel admonished Applicant on the record of the habitual punishment range, and the trial judge orally pronounced at sentencing that Applicant was convicted of the priors as alleged in the indictment. The indictment alleged two prior felony convictions in sequence. Thus, because the oral pronouncement of the sentence found the two enhancements paragraphs to be true, the twenty-five-year habitual felon sentence is not outside the proper punishment range. *See Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002) (recognizing that a trial court's pronouncement of sentence is oral, while the judgment, including the sentence assessed, is merely the written declaration and embodiment of that oral pronouncement).

The trial court also finds: "[T]here are two (2) erroneous references to the Applicant serving a sentence for Aggravated Assault with a Deadly Weapon. This incorrect information affects the time calculations and distinguishes the difference between aggravated and non-aggravated time for parole eligibility purposes. [B]ecause of the entries the Applicant forfeited six (6) months and 19 days of 'street time' because of the erroneous conviction information being used.... The above conclusion also applies to 1 year 9 months 7 days forfeited under the erroneous conviction information." It is true the prison official's affidavit does incorrectly state that the conviction in this case was for aggravated assault with a deadly weapon and not aggravated assault as stated on the judgement

(where there is no affirmative deadly weapon finding). But this mistake, which prison officials should remedy by correcting its records, does not affect Applicant's non-eligibility for street-time. He is street-time ineligible, not because of the erroneous statement in the prison records that a deadly weapon was used, but because his conviction was for second-degree aggravated assault, which conviction excludes Applicant from street-time consideration. *See* TEX. GOV'T CODE §§ 508.283(b), 508.149(a)(7). Although, the judgment wrongly reflects that the aggravated assault was a third-degree felony, the statue of conviction made assault causing bodily injury on a prison guard a second-degree felony. TEX. PENAL CODE § 22.02(a)(2), (c) (1985).

Finally, according to the affidavit, Applicant's current maximum discharge date on all sentences is September 15, 2028. The affidavit indicates that several sentences were cumulated, but this Court requires further information regarding how the maximum discharge date was calculated. The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to file an affidavit discussing how Applicant's maximum discharge date is being calculated. The affidavit shall also address whether the mistaken deadly weapon notation in the prison record has affected the dates Applicant became eligible for consideration for parole and mandatory supervision and whether the maximum discharge date on the cumulated sentences is affected.

The trial court may also order depositions, interrogatories or a hearing. In the appropriate case, the trial court may rely on its personal recollection. *Id*. If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court may make findings and conclusions as to whether Applicant is receiving the

proper amount of time credit. The trial court may also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.


Filed: April 26, 2017
Do not publish